IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Sanford Gainey, ) | C/A No. 0:19-2677-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☒ Affirmed |
| Defendant. ) | ☐ Reversed and Remanded |
| ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐    Supplemental Security Income ("SSI")

   Application date:                               Plaintiff's age at filing:

☒    Disability Insurance Benefits ("DIB")

   Date last insured:  September 30, 2019

☐    Other:

Plaintiff's Year of Birth:  1968

Plaintiff's alleged onset date:  July 30, 2013

Plaintiff's age at alleged onset date:  45

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity,

considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision: August 3, 2018

In applying the requisite five-step sequential process, the ALJ found:

Step 1:     Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:     ☒ Plaintiff has the following severe impairments:
cervical spine disease with radiculopathy; lumbar spine disorder with stenosis, status post fusion surgery; obesity; and major depressive disorder

☐ Plaintiff does not have a severe impairment.

Step 3:     ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). He can lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently. He can sit for six hours and stand and walk for six hours. The claimant can frequently stoop, crouch, and kneel. He should not crawl. He can frequently balance. The claimant has no limits on hearing, seeing, or speaking. He can frequently climb stairs and ramps. He cannot climb ladders, ropes, or scaffolds. The claimant can frequently reach bilaterally in all directions, including overhead. He can frequently finger, feel, and handle. The claimant needs to avoid concentrated exposure to vibrations. He can frequently use his hands and feet for the operation of controls.

The claimant can perform simple, routine, repetitive job tasks. He can understand, remember, and carry out job instructions related to simple, routine, repetitive job duties. He can accept frequent supervision. The claimant can frequently interact with coworkers. He can occasionally interact with the general public. He would work best with objects and not with people, while performing simple, routine, and repetitive job tasks. The claimant can maintain attention, concentration, and pace if allowed traditionally scheduled work breaks of 15 minutes in the first half of the workday, 15 minutes in the second half of the workday, and a 30-minute midday break. He can be punctual and work within a set schedule. He requires no special supervision to complete work assignments pertaining to simple, routine, repetitive job tasks. The claimant can make work-related decisions regarding simple, routine, and repetitive job duties. He can adapt to changes in job duties and work assignments if the changes are infrequent and gradually introduced. He should not engage in any fast-paced factory production line assembly type of work.

Step 5:    ☐  Plaintiff could return to his/her past relevant work.

☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:
<u>Labeler (DOT 920.587-014), which is considered light, unskilled work with an SVP of 2,and of which there are approximately 500,000 jobs in the national economy; Inserter (DOT 794.687-058), which is considered light, unskilled work with an SVP of I, and of which there are approximately 120,000 jobs in the national economy; and Garment Bagger (DOT 920.687-018), which is considered light, unskilled work with an SVP of I, and of which there are approximately 140,000 jobs in the national economy.</u>

Date of Appeals Council decision:  <u>July 18, 2019</u>

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct leI.gal standard."  <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996); <u>see also</u> 42 U.S.C. § 405(g); <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  <u>See</u> <u>Brown v. Comm'r Soc. Sec. Admin.</u>, 873 F.3d 251, 267 (4th Cir. 2017); <u>Myers v. Califano</u>, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Craig</u>, 76 F.3d at 589; <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, 1154 (2019); <u>Pearson v. Colvin</u>, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." <u>Biestek</u>, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  <u>Craig</u>, 76 F.3d at 589; <u>see also</u> <u>Hancock v. Astrue</u>, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  <u>Blalock</u>, 483 F.2d at 775.

## Part V—Issues for Judicial Review

I.    The ALJ failed to properly assess medical source opinion evidence.

II.   The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

III.  Evaluation of subjective symptomology of the Plaintiff.

## Oral Argument

☒ **Held on <u>September 3, 2020</u>.**

☐ **Oral argument not necessary for disposition**

**Summary of Reasons**

**Issue I:  Plaintiff argues that the ALJ failed to properly evaluate the opinion evidence from two consultative examiners.  Upon careful consideration of the parties' arguments, the court affirms the ALJ's decision on this issue pursuant to the following authorities/reasons:**

- 20 C.F.R. § 404.1527(c) (detailing the factors for weighing medical opinion evidence and instructing ALJs to apply the factors—including the length and nature of the source's treatment relationship with the claimant, the supportability of the opinion, the opinion's consistency with the other evidence in the record, whether the source is a specialist, and any other factors that may support or contradict the opinion—to all medical opinions, including those from consultative or one-time examiners.).

- Plaintiff challenges the ALJ's decision to discount the June 3, 2016 opinion evidence from Dr. Robert Brabham, a consultative examining psychologist, and the November 12, 2016 opinion evidence from Dr. Alain Looti, a state agency consultative physical examiner.  The ALJ accorded Dr. Brabham's opinions little weight, finding that they were not consistent with the balance of the evidence, that Dr. Brabham as a psychologist and rehabilitation counselor lacks medical expertise to assess physical functioning, and that he appeared to have relied heavily on Plaintiff's subjective reports.  (Tr. 24.)  The ALJ accorded Dr. Looti's opinions some weight but not more, finding that they were based on personal examination but not a long-term treatment relationship, Dr. Looti was familiar with the functioning of the SSA disability program, and his opinions were supported by his physical examination but not entirely consistent with other medical records.  (Tr. 22.)

- Although Plaintiff may be able to point to selective records supporting his position, ultimately, Plaintiff has failed to demonstrate that these findings are unsupported by substantial evidence or controlled by an error of law.  It is clear that the ALJ applied the applicable factors, and the following substantial evidence supports the ALJ's findings:  (See, e.g., Tr. 206 (Plaintiff failed to include any alleged mental conditions in his disability report as limiting his ability to work); Tr. 38-67 (Plaintiff's hearing testimony which focused on his alleged physical impairments and limitations); Tr. 476, 479, 482, 485, 489, 492, 496, & 500 (notes observing benign psychiatric findings); Tr. 506-07 (Dr. Looti's findings antalgic gait, low back tenderness, and decreased range of motion of the lumbar spine); Tr. 496, 510, 513 (findings of normal gait); Tr. 585 (FCE findings of normal gait, the ability to perform a full squat, and the ability sit down in a chair and rise without difficulty).  Additionally, contrary to Plaintiff's argument during the hearing, the court is constrained to agree with the Commissioner that the ALJ reasonably found that Dr. Holford, Plaintiff's treating orthopedic surgeon, adopted the findings and limitations contained within the FCE, which concluded that Plaintiff could perform a range of light to medium work.  (See Tr. 589, 585.)

**Issue II:  Plaintiff argues that the ALJ failed to account for Plaintiff's moderate limitations in interacting with others at Step Three of the sequential process in determining Plaintiff's residual functional capacity ("RFC").  Read as a whole, the ALJ's decision shows that the ALJ considered the evidence in the record regarding Plaintiff's abilities to interact**

**with others and that Plaintiff has failed to demonstrate that remand is warranted on this basis pursuant to the following authorities/reasons:**

- Pertinent here, the ALJ limited Plaintiff to frequent supervision, frequent interaction with coworkers, and occasional interaction with the public. The ALJ found that Plaintiff would work best with objects and not with people, while performing simple, routine, and repetitive job tasks.

- In evaluating Plaintiff's RFC, the ALJ found that there was little mental health treatment during the relevant period, observing only two outpatient visits for mental health with generally benign psychiatric findings in December 2016. (Tr. 21) (citing Tr. 510, 513). Further, the ALJ found that despite Plaintiff's lack of treatment, "the claimant's overall mental condition remained stable without a need for psychiatric hospitalization or repeated visits to the emergency department due to uncontrolled mental health symptoms. Moreover, multiple primary care treatment notes contain benign psychiatric findings. The claimant was repeatedly described as cooperative with appropriate mood and affect." (Tr. 21) (citations omitted). The ALJ also noted that Plaintiff stated that he had no mental limitations that kept him from working; that the records contained benign psychiatric findings, and that Plaintiff had engaged in a somewhat normal level of daily activity. (Tr. 24.) These findings are supported by substantial evidence. (Tr. 87) (agency reviewer observing that Plaintiff stated he had no mental limitations that keep him from working, and that he was disabled due to his physical condition only); (Tr. 476, 479, 482, 485, 489, 492, 496, & 500) (notes observing benign psychiatric findings); (Tr. 261, 505, & 57-58) (describing his activities of daily living).

- Thus, the decision reflects a logical bridge from the evidence to the limitations included in Plaintiff's residual functional capacity assessment. Cf. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted); Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated).

- Moreover, the court disagrees with Plaintiff's assertion that the RFC is internally inconsistent and further observes that Plaintiff has failed to direct the court to evidence supporting additional limitations.

**Issue III: Subjective Complaints. The court concludes that the ALJ applied the requisite factors and gave sound reasons for discounting the Plaintiff's subjective complaints that are supported by substantial evidence, based on the following authorities/reasons:**

- Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (detailing to two-step process for evaluating subjective complaints); 20 C.F.R. § 404.1529(c)(3) (listing the factors to considering in evaluating subjective complaints); SSR 16-3p, 2017 WL 5180304, at *10 (proving the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly

0:19-cv-02677-PJG     Date Filed 09/15/20     Entry Number 32     Page 6 of 6

PJG Consent SSA (Rev  09/14/20)                                                                          Gainey, Ralph Sanford
_____

articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.").

- Here, the ALJ discounted Plaintiff's subjective complaints indicating that Plaintiff received conservative treatment; notes did not show loss of mobility; and his spine disorder was stable on conservative treatment.  Further, as discussed above, the medical record shows little mental health treatment and generally benign psychiatric findings.  (Tr. 24-25.)

- Although Plaintiff may point to selective evidence supporting his allegations, careful review of the ALJ's decision as a whole and the record reveals that the ALJ specifically considered Plaintiff's subjective reports and testimony and discussed extensive the medical records and opinion evidence.  Further, the ALJ applied the requisite factors and offered specific reasons and support for discounting his allegations of disabling limitations.  (Tr. 24-25; see also Tr. 17-24.)  Accordingly, the court similarly finds that Plaintiff has failed to demonstrate that the ALJ's evaluation of his subjective complaints was unsupported by substantial evidence or controlled by an error of law.  See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

## ORDER

☒ **Affirmed for the reasons stated on the record.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
September 15, 2020                                  Paige J. Gossett
Columbia, South Carolina                       UNITED STATES MAGISTRATE JUDGE